**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNNIE MAE RIGGSBEE, | |
| Plaintiff, | CASE NO: 1:07-CV-02113  (JDB) |
| vs. | |
| DIVERSITY SERVICES, INC., | |
| Defendant. | |

<u>**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE DISCOVERY**</u>

Defendant Diversity Services, Inc., by and through its undersigned counsel, hereby moves for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Plaintiff Johnnie Mae Riggsbee to respond to discovery.   As grounds therefore, Defendant submits that Plaintiff has frustrated discovery and the Court's scheduling order by failing to provide discovery.  For this and other reasons more fully explained in the attached Memorandum of Points and Authorities, Defendant respectfully requests the motion be granted.

Respectfully submitted,

Diversity Services, Inc.

By_____/s/  John M. Clifford_____
John M. Clifford (DC Bar # 191866)
Clifford & Garde, L.L.P.
1707 L Street, N.W., Suite 500
Washington, D.C. 20036-5631

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHNNIE MAE RIGGSBEE,

        Plaintiff,

    vs.

DIVERSITY SERVICES, INC.,

        Defendant.

CASE NO: 1:07-CV-02113  (JDB)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

        Defendant Diversity Services, Inc., by and through its undersigned counsel, has moved for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Plaintiff Johnnie Mae Riggsbee to respond to discovery.  Defendant has in good faith conferred and attempted to confer with Plaintiff regarding discovery before involving this Court.  Plaintiff has consistently failed to provide complete and accurate responses to Defendant's interrogatories or requests for documents.

**Factual Background**

        The Complaint was filed November 21, 2007 and was answered on January 24, 2008.  After a scheduling conference on February 29, 2008 the Court ordered that discovery should be completed by May 16, 2008 and set a deadline for dispositive motions of June 30, 2008.

        On March 4, 2008, Defendant filed and served, by U.S. Mail, a Request for Production of Documents and a First Set of Interrogatories.  Because Plaintiff did not respond within the requisite 30-day period, Defendant sent an email reminder on April 29, 2008 including electronic copies of the Request for Documents and Interrogatories to

Plaintiff's counsel.  Plaintiff's counsel responded by telephone, stating that he had not received the discovery requests through the mail, but he would promptly respond to the discovery.[1]  Plaintiff then moved (with Defendant's consent) for an extension of the discovery period "…to permit Plaintiff to obtain certain discovery requests from Defendant." (sic).  On May 7, the Court entered a revised scheduling order, directing that discovery be completed by June 30, 2008 and setting a dispositive motions deadline of July 30, 2008.

Anticipating that Plaintiff's answers to interrogatories and production of documents were imminent, the parties agreed to schedule the deposition of Plaintiff for June 10, 2008.  Plaintiff did not respond in time to maintain the deposition schedule.  Through telephone conversations with Plaintiff's counsel's office on June 5 and June 6, 2008, Defendant was assured that full discovery would be provided by June 9, 2008 at the latest.  Accordingly, Plaintiff's deposition was rescheduled for June 13, 2008.  Once again, however, Plaintiff failed to provide her discovery responses as promised.  Only after several phone calls and e-mails did Plaintiff's counsel send partial responses to the requested discovery on June 11, 2008.  (See attached)

### Plaintiff's Inadequate Responses

The discovery responses provided on June 11, 2008 were so inadequate that they offered no information to focus the inquiry for deposition. Four Interrogatories (11, 21, 22 and 23) were left unanswered with no explanation.  Interrogatory 11 asks Plaintiff to identify all documents and relate all facts supporting claims for damages, as follows:

> 11.    Provide a detailed description of all facts and identify all individuals and/or documents that support your claims for damages.  For each

---

[1] The discovery was mailed with the required postage to the address of Plaintiff's counsel.  It has not been returned to the undersigned by the Postal Service.

such item of Damages provide:

    a.    The nature of the Damages;

    b.    The monetary value of the Damages;

    c.    An explanation of how such value was determined; and

    d.    The specific actions by Defendant that caused or contributed to the Damages.

Plaintiff answered "**PENDING**."

Interrogatories 21 through 23 request a five year history regarding medical history, medical results of Defendant's actions and whether previous illnesses or injuries caused Plaintiff to be absent from work, as follows:

    21.    Identify all physicians and hospitals which have examined or treated you for any substantial or chronic injury, disability or illness for the past five years, and provide the approximate dates and nature of such treatments.

    22.    If you claim any of the treatment identified by you in response to Interrogatory No. 21, above, was required as a result of any action of the Defendant, please provide a detailed description of how Defendant's actions affected you and the treatment received.

    23.    State whether during the past five years you have been absent from your employment due to injuries or illness, and provide the nature and dates of such illness or injuries.

To all three Interrogatories, Plaintiff answered "**PENDING**."

Plaintiff's Answers to other interrogatories were grossly incomplete, albeit they provided some information.  For example, Interrogatory 16 sought information about Plaintiff's prior statements about the matters at issue, as follows:

    16.    State whether you have given any statement(s), oral or written, or in any other form to any person(s) regarding any of the events or happenings which are the subject  matter of this Act.  If so, provide the following:

      a.      The name and address of the person to whom such statement was given;

      b.      The date of any such statement;

      c.      The form of the statement (written, oral or recorded, or other);

      d.      Whether the statement was signed; and

      e.      The name and address of all persons having custody and/or knowledge of the statement.

In response, Plaintiff simply identified the persons to whom she had given statements, such as her former counsel, the EEOC, DC Bar Counsel and the Congressional Office of Compliance, but failed to provide any of the other requested information. Likewise, Interrogatories 8, 17 and 18[2] are answered with the same incomplete list of people with knowledge of the case. No addresses, positions, descriptions of knowledge, brief summaries of expected testimony or in some cases complete names are provided.

The few documents supplied as a response to other Interrogatories were inconsistent with each other (*e.g.* Interrogatories Response Attachment Item 6 mentions Plaintiff working as an exam proctor, which is omitted from all other employment history documents) or simply a copy of Plaintiff's resume.

The response to the Request for Production of Documents was also so sparse that it frustrated Defendant's efforts to conduct discovery. In Request 6, Defendant requested documents relating to Plaintiff's reasons for leaving employment and all temporary assignments held, *inter alia*. These requests were answered with more copies of

---

[2]      8. Identify all persons known to you or your attorney who have knowledge or possess information regarding the matters described in the Complaint, including your claims for damages; and provide a brief description of what knowledge or information is possessed by each person identified.

      17. Identify every individual known to you who has any knowledge regarding the facts and circumstances surrounding the incidents which are the subject matter of this action, and your alleged monetary damages, including but not limited to, eyewitnesses to such events.

      18. Identify each and every person who may be called by you to testify at the trial of this matter, including a summary of the testimony each witness is expected to provide.

Plaintiff's resume, which is unresponsive.  This same resume is used as a response to Request 2, which includes requests for documents containing reprimands, disciplinary actions and reasons for leaving employment.  While there may be no reprimands or disciplinary actions to report, providing no reason for leaving previous employment is non-responsive.

Request 4 asked for any documents pertaining to previous criminal convictions and pleas.  Plaintiff provided information in Interrogatories regarding a previous arrest but provides no documentation regarding the arrest or subsequent probation.  No reason is given for the refusal to present documents.  Request 17, which asked for all documents that may be used as exhibits at trial, was left blank.  While all other negative responses have "None" as their response, Request 17 is not responded to at all.

Moreover, Plaintiff's Answers to Interrogatories were unexecuted.  After the more than three months it took to prepare these responses it seems strange that so many interrogatories would be "pending" and no reason would be supplied for the other refusals to present documents.

## Conclusion

As a result of Plaintiff's failure to provide discovery, her deposition has had to be rescheduled twice and is presently indefinitely postponed pending responsive answers.  Defendant's efforts to ascertain the basis of Plaintiff's claims has been completely frustrated, and a great deal of time has been wasted.   At this point, Defendant cannot prepare for deposition, much less prepare a dispositive motion and/or proceed to trial.

WHEREFORE, for these reasons, Defendant moves this Court to compel Plaintiff to serve complete, executed answers to Defendant's Interrogatories and produce the

requested documents and information, by June 30, 2008, and to pay for fees and costs associated with this motion.  In addition, Defendant requests that the Scheduling Order be modified so as to allow Defendant until July 21 (three weeks after Answers and documents are provided) to complete discovery, and until August 28, 2008  to file a dispositive motion.  If Plaintiff persists in failing to comply with discovery, however, the Complaint should be dismissed.

Respectfully submitted,

Diversity Services, Inc.


By_____/s/  John M. Clifford_____
John M. Clifford (DC Bar # 191866)
Clifford & Garde, L.L.P.
1707 L Street, N.W., Suite 500
Washington, D.C. 20036-5631

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2008 Plaintiff was served with the foregoing Motion to Compel through the Court's electronic service.


/s/ John M. Clifford
John M. Clifford

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNIE MAE RIGGSBEE, | |
| Plaintiff, | CASE NO: 1:07-CV-02113 (JDB) |
| vs. | |
| DIVERSITY SERVICES, INC., | |
| Defendant. | |

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Compel, and the points and authorities submitted in support thereof and in opposition thereto, it is hereby

ORDERED: That Defendant's Motion to Compel Discovery is GRANTED; it is further

ORDERED:  That Plaintiff must serve her complete, executed answers to Defendant's Interrogatories and produce responsive documents requested by Defendant and pay Defendant's costs incurred in prosecuting this motion in the amount of $1,320.00, on or before June 30, 2008, failing which this case shall be dismissed; it is further

ORDERED:  That Defendant's time in which to conclude discovery is extended until July 21, 2008 and its time to file a dispositive motion is extended until August 28, 2008.

SO ORDERED.

_____
JOHN D. BATES
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNIE MAE RIGGSBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-02113 (JDB) |
| | ) |
| DIVERSITY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

Johnnie Mae Riggsbee, Plaintiff, by and through undersigned counsel, hereby

responds to Interrogatories propounded by Defendant, as follows:

1.      State your name and current residence address.

**ANSWER:    Johnnie Mae Riggsbee**
**1316 Euclid Street, NW**
**BA7**
**Washington, DC 20009**

2.      Provide your complete employment history, from 2000 through the

present, by including the following: name of employer, type of/title of position; duties

and responsibilities; dates of assignment; rate of pay; whether the job was a full-time or

temporary assignment; reason for termination of employment.

**ANSWER: See "Interrogatories Response Attachment:  Item 2"**

3.    State whether you have ever before been a party of a lawsuit or filed an administrative or other claim or complaint. For each such matter identified, provide: a) a summary of the facts contained in the complaint, charge or claim; b) the date of the complaint, charge or claim; c) the identities of all parties involved; d) the forum in which the complaint, charge or claim was filed; and e) the resolution or current status of the complaint, charge or claim.

**ANSWER: See "Interrogatories Response Attachment: Item 3"**

4.    State whether you have ever been convicted of, or pled guilty to any crime, misdemeanor or felony. If so, please describe in detail the place of arrest, the charges and the jurisdiction where the conviction or plea was entered.

**ANSWER: 9/2001, Shoplifting, Arlington, VA**

5.    State whether anyone has ever filed charges against you, for any reason, that did not result in a conviction. If so, please indicate the nature of the charges, when they were made, the jurisdiction where the charges were filed and the outcome of such charges.

**ANSWER: N/A**

6.    Identify each temporary assignment you have held with Diversity Services, Inc., by including the following: name of employer; location of employer; type pf position, duties and responsibilities; dates of assignment; rate of pay.

**ANSWER: See "Interrogatories Response Attachment: Item 6"**

7.    Identify who specifically told you that your temporary assignment with the

Office of Finance and Procurement at the U.S. House of Representatives would "continue

at least until October 2005," and identify any documents that support your contention.

> **ANSWER:    Greg LASTNAME, Diversity Services**
> **Richard Tatum, Diversity Services**
> **Deborah Price, US House of Representatives**

8.    Identify all persons known to you or your attorney who have knowledge or

possess information regarding the matters described in the Complaint, including your

claims for damages; and provide a brief description of what knowledge or information is

possessed by each person identified.

> **ANSWER:    Knowledge of assignments with Diversity Services of DC, Inc.**
> **Greg LASTNAME, Diversity Services**
> **Richard Tatum, Diversity Services**

**Knowledge of work performance at House ID Services**
**Melissa Franger, US House of Representatives**

**Knowledge of work performance at Office of Finance & Procurement**
**Lin Banks, US House of Representatives**
**Heather Bryant, US House of Representatives**
**Lee Moore, US House of Representatives**
**Deborah Price, US House of Representatives**

**Knowledge of "October, 2005" discussion with Diversity Services of DC, Inc**
**Greg LASTNAME, Diversity Services**
**Richard Tatum, Diversity Services**

**Knowledge of "October, 2005" discussion at Office of Finance &**
**Procurement**
**Deborah Price, US House of Representatives**
**Deborah Price's Supervisor, U.S. House of Representatives**

**Knowledge of being replaced by white male**
**Greg LASTNAME, Diversity Services**

Richard Tatum, Diversity Services
Lin Banks, US House of Representatives
Heather Bryant, US House of Representatives
Lee Moore, US House of Representatives
Deborah Price, US House of Representatives
Deborah Price's Supervisor, U.S. House of Representatives

Knowledge of case history, including settlement with House of
Representatives
Holly Seesel, Alan Lescht & Associates
Alan Lescht, Attorney
Deborah Price, US House of Representatives
William W. Thompson, Office of Compliance

Knowledge of attempted EEOC Mediation
Thomas Alley, EEOC Mediator

Knowledge of damages
Dr. Vivian Moore, U.S. Dept. of Veteran's Affairs Medical Center
Dr. Mary Pasquella, District of Columbia Dept. of Mental Health

9.    Describe in detail any conversation or communication you had with any
individual at any time pertaining to the matters raised in your Complaint, by including the
identity of the individual(s) with whom you communicated, the date(s) of any such
communication, whether the communication was verbal or in writing, a brief summary of
the matters communicated and whether the response was verbal or in writing.

ANSWER: See "Interrogatories Response Attachment: Item 9"

10.    Describe in detail all proof you have that Defendant placed you at the
Office of Finance and Procurement at the U.S. House of representatives with a white
male; identify all individuals and/or documents that support your contention.

ANSWER: None at this time. See Item 8, above.

11.     Provide a detailed description of all facts and identify all individuals

and/or documents that support your claims for damages. For each such item of Damages

provide:

    a.    The nature of the Damages;

    b.    The monetary value of the damages;

    c.    An explanation of how such value was determined; and

    d.    The specific actions by Defendant that caused or contributed to the

        Damages.

**ANSWER: PENDING**


12.     Provide a detailed description of all your efforts to obtain employment

following the termination of your temporary assignment with Defendant, by

providing the following information:

    a.    The name and address of each prospective employer contacted;

    b.    The date of each such contact;

    c.    the results of each such contact;

    d.    If a position was offered, identify the position's title, duties,

        responsibilities and compensation.

**ANSWER: I have no records of this activity, and I can not recall the
requested details. I eventually obtained employment with Evolvent
Technologies, Inc. See "Interrogatories Response Attachment: Item 2"**

13.    If you have accepted employment with any employer, or if you have been

self employed since leaving your employment with Defendant, state the following

for each such employment:

a.    The name and address of the employer;

b.    Amount of wages, salary, bonuses, or other compensation received by

you;

c.    Describe any and all benefits received by you in any such job, including,

but not limited to, insurance benefits, pension benefits, company

automobile, company expense account, profit sharing, paid leave, and all

other job benefits; and

d.    Describe the position title, duties and responsibilities.

**ANSWER: Refer to "Interrogatories Response Attachment:  Item 2"**

**Compensation at Evolvent Technologies, Inc.';**
- **Hourly Wage, w/overtime provisions**
- **Medical Insurance**
- **Life Insurance**
- **401(k) participation**
- **Personal leave (for sick/annual leave use)**

**Compensation at U.S. Patent & Trademark Office:**
- **Hourly Wage, w/overtime provisions**
- **Medical Insurance**
- **Life Insurance**
- **Thrift Retirement Plan participation**
- **Sick Leave**
- **Annual Leave**

14.    Describe in detail your claim for unemployment compensation; all

statements made to the DC Department of Employment Services (DOES),

including the reason for separation, and all attempts at finding work; and whether

you informed DOES of the subsequent temporary assignments offered to you by

Diversity.

**ANSWER: I filed an unemployment claim with the District of Columbia Department of Employment Services in July, 2005. I can not recall the specific details of the claim. I eventually obtained employment with Evolvent Technologies, Inc.**

15.     Describe in detail all reasons that you declined to accept subsequent

temporary employment assignments from Defendant.

**ANSWER: The assignments offered by Diversity Services of DC, Inc. did not meet the requisites previously communicated to, and established with, Diversity Services of DC, Inc. staff.**

16.     State whether you have given any statement(s), oral or written, or in any

other form to any person(s) regarding any of the events or happenings which are

the subject matter of this Act. If so, provide the following:

a.     The name and address of the person to whom such statement was given;

b.     The date of any such statement;

c.     The form of the statement (written, oral or recorded, or other);

d.     Whether the statement was signed; and

e.     The name and address of all persons having custody and/or knowledge of

the statement.

**ANSWER:     Alan Lescht, Attorney, Alan Lescht & Associates**
**Holly Seesel, Attorney, Alan Lescht & Associates**
**EEOC**
**Office of Compliance**
**DC Office of Bar Counsel**

17. Identify every individual known to you who has any knowledge regarding the facts and circumstances surrounding the incidents which are the subject matter of this action, and your alleged monetary damages, including but not limited to, eyewitnesses to such events.

**ANSWER: See "Interrogatory Response Attachment: Item 8"**

18. Identify each and every person who may be called by you to testify at the trial of this matter, including a summary of the testimony each witness is expected to provide.

**ANSWER: See Item 8**

19. Identify each person who has given you a signed statement concerning the matters at issue here.

**ANSWER:    William W. Thompson
            Executive Director, Office of Compliance**

**            Deborah Price
            Office of Finance and Procurement, U.S. House of
            Representatives**

20. State the amount reported as earned income in your income tax returns for each of the past five years, from 2003-2007.

**ANSWER:    2003    $44,272 AGI
            2004    $    342 AGI
            2005    $28,547 AGI
            2006    $34,615 AGI
            2007    $51,517 AGI**

21.    Identify all physicians and hospitals which have examined or treated you

for any substantial or chronic injury, disability or illness for the past five years,

and provide the approximate dates and nature of such treatments.

**ANSWER: PENDING**


22.    If you claim any of the treatment identified by you in response to

Interrogatory No. 21, above, was required as a result of any action of the

Defendant, please provide a detailed description of how Defendant's actions

affected you and the treatment received.

**ANSWER: PENDING**


23.    State whether during the past five years you have been absent from your

employment due to injuries or illness, and provide the nature and dates of such

illness or injuries.

**ANSWER: PENDING**

I, _____, hereby certify that the preceding Answers to Interrogatories

are true and correct, to the best of my knowledge.


Date:_____          Signature_____


                                    Submitted by:


                                    _____
                                    James Q. Butler, Esq.
                                    818 18th St. NW
                                    Suites 630 &1010
                                    Washington, DC 20006
                                    Attorney for Plaintiff